NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARLA FREEMAN,<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT WOOD JOHNSON HOSPITAL,<br><br>   Defendant. | Civil Action No. 24-8954 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff Garla Freeman's ("Plaintiff") application to proceed *in forma pauperis* ("IFP," ECF No. 1-2), together with her Complaint,[1] ("Compl.," ECF No. 1), against Defendant Robert Wood Johnson Hospital (the "Defendant"). For the reasons explained below, the application to proceed IFP is **GRANTED**, and the Complaint is **DISMISSED** without prejudice.

  Plaintiff brings this action pursuant to N.J. Stat. Ann. § 2A:53A-27 and 51 U.S.C. § 20137 for lack of care, medical malpractice, and negligence against Defendant. (Compl. at 2.) According to the Complaint, Plaintiff's "mother suffered from several forms of mistreatment while at Robert Wood Johnson Hospital."[2] (*Id.* at 3.) The allegations of mistreatment include misdiagnosis relating to a stroke and "worsen[ing] [of] [Plaintiff's mother's] illness." (*Id.*) Additional allegations include

---

[1] For the purposes of this Memorandum Order, the Court uses PDF page numbers when referring to specific pages in the Complaint and its exhibits.
[2] The Court notes for the record that some of Plaintiff's allegations are illegible given how the documents were scanned and submitted. (*See generally* ECF No. 1.)

allowing Plaintiff's sister and brothers to "make dangerous health decisions for [Plaintiff's] mother . . . [while] refus[ing] to speak with [the Plaintiff] in regards to [her] mother's health." (*Id.*)

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis* without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. *See Atl. Cty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Here, Plaintiff sufficiently completed the Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. (*See* IFP.) Plaintiff lists a total monthly income of $970 from disability benefits and $930 in monthly expenses for home-related expenses, food, clothing, laundry, medical expenses, and transportation. (*See id.* at 2, 4.) The application also indicates no employment in the last two years, no motor vehicles, and no assets in any bank or financial institution. (*Id.* at 2–3.) From this, the Court finds that Plaintiff has pled her circumstances regarding her ability to pay with sufficient particularity and **GRANTS** Plaintiff's *in forma pauperis* application.

Now the Court turns to the screening of the Complaint. At the outset, the Court notes this is an action brought by an adult child on behalf of her third-party mother for injuries her mother allegedly sustained. It does not appear that Plaintiff can bring the claims asserted here. Indeed,

2

Federal Rule of Civil Procedure 17(c) allows a "next friend," such as an adult child, to sue on behalf of an "incompetent person" if certain requirements are met. Here, the third-party mother would need to be unable to "appear on her own behalf for some legitimately recognized reason 'such as inaccessibility, mental incompetence, or other disability.'" *Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). Additionally, the Plaintiff would need to be "truly dedicated to the best interests of the person on whose behalf she seeks to litigate." *Id*. Even if those requirements are met, "a non-attorney adult child must also be represented by counsel in bringing an action on behalf of her" third-party mother. *Id*. As a result, Plaintiff is required to retain legal counsel, in addition to meeting all other requirements, and cannot proceed *pro se* in this action.

The Court is also without subject matter jurisdiction. Importantly, "'[f]ederal courts are courts of limited jurisdiction,' and 'they possess only that power authorized by Constitution and statute.'" *Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 818 (3d Cir. 2023) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994)). Given its limited mandate, this Court has a "continuing obligation to assess its subject matter jurisdiction" and if its subject matter is lacking, the Court must dismiss the suit *sua sponte*. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citation omitted). Generally, the Court has subject matter jurisdiction through federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

According to the Complaint and the Civil Cover Sheet, the basis for jurisdiction here is federal question arising under 51 U.S.C. § 20137, which as set forth below, is inapplicable.[3] As an

---

[3] In addition to a lack of federal question jurisdiction, there is a lack of diversity jurisdiction as both parties have New Jersey addresses, according to the Complaint. (Compl. at 1–2.)

initial matter, medical malpractice claims are generally state law causes of action. See *Lamberty v. Cooper Hosp.*, No. 22-7460, 2023 WL 5578259, at *1 (D.N.J. Aug. 29, 2023). Plaintiff's citation to N.J. Stat. Ann. § 2A:53A-27, a New Jersey state law which requires a plaintiff suing for professional malpractice to submit an affidavit of merit, from a licensed professional in the same field, certifying that the defendant deviated from the applicable standard of care, does not itself provide a cause of action, and it is certainly not a federal cause of action. *See Gilliam v. Preferred Care Hamilton, NJ*, No. 24-4322, 2024 WL 3293345, at *3 (D.N.J. July 3, 2024).

Now the Court will turn to critical question of whether 51 U.S.C. § 20137 can confer federal question jurisdiction here. As the Supreme Court has indicated, this statute "immuniz[es] medical personnel of the National Aeronautics and Space Administration ["NASA"]." *Levin v. United States*, 568 U.S. 503, 508 n. 2 (2013). And further, "[i]t requires patients allegedly injured by NASA medical personnel to bring their claims against the United States under the [Federal tort Claims Act] rather than against the individual practitioners." *Sorrell v. Michael E. DeBakey VA Med. Ctr.*, No. 23-4840, 2024 WL 2946586, at *3 (S.D. Tex. June 11, 2024) (citing *Smith v. Puget Sound Allergy, Asthma & Immunology*, No. 21-5169, 2021 WL 1854918, at *1 (W.D. Wash. May 10, 2021)). Because the Complaint contains no factual allegations implicating NASA or its employees, there is no federal statute upon which this Court may base its federal question jurisdiction. *See e.g., Finnegan v. Columbia Drs.*, No. 21-6515, 2021 WL 4249379, at *2 (S.D.N.Y. Sept. 17, 2021) (lacking federal question jurisdiction pursuant to 51 U.S.C. § 20137 where Plaintiff does not sue a federal entity or allege that a federal entity caused his injuries). For these reasons, the Complaint is **DISMISSED** without prejudice.

Accordingly, **IT IS** on this 21 day of November, 2024,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** without prejudice; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk shall administratively **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty (30) days of the date of the entry of this Order, Plaintiff shall file an amended complaint and either pre-paying the $405 filing fee ($350 filing fee plus $55 administrative fee) or submitting a renewed application to proceed *in forma pauperis*; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail, as well as a blank form application to proceed *in forma pauperis*.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**